UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

THERON BAILEY,                        )
                                      )
              Petitioner,             )
       vs.                            )    No. 2:16-cv-121-WTL-DKL
                                      )
SUPERINTENDENT, Wabash Valley         )
Correctional Facility,                )
                                      )
              Respondent.             )

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, Theron Bailey's petition for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The Habeas Petition**

The pleadings and the expanded record show the following:

1.      Bailey was convicted in Grant County of attempted murder, kidnapping, and related offenses in 2008. His convictions were affirmed in *Bailey v. State*, 908 N.E.2d 712 (Ind.Ct.App. 2009) (*Bailey I*). The denial of Bailey's petition for post-conviction relief was affirmed in *Bailey v. State*, 35 N.E.3d 673 (Ind.Ct.App.), *transfer denied,* 38 N.E.3d 214 (Ind. 2015) (*Bailey II*). Bailey filed no petition to transfer in *Bailey I*. In *Bailey II,* a petition to transfer was denied on September 23, 2015.

2. The petitioner contends that his convictions were obtained in violation of his constitutional rights in several respects. The respondent argues that the habeas petition must be denied because it is untimely and because Bailey's claims are procedurally defaulted. The Court agrees that the petition is untimely, and thus the Court need not reach the issue of procedural default.

3. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Congress enacted AEDPA to advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). "To that end, it adopted a tight time line, a one-year limitation." *Id.* Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

4. The dates pertinent to the application of the statute of limitations in the present case are the following:

   a. Bailey's conviction became final on October 17, 2005. This was the day he could have filed a petition to transfer with respect to *Bailey I*. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.").

   b. Bailey filed a petition for post-conviction relief *60 days* later. His post-conviction action was pending until November 4, 2009. He filed a second action for post-conviction relief *106 days* later on February 18, 2010. The second post-conviction relief action was remained pending until June 11, 2015.

   c. This action was filed *310 days later* on April 16, 2016, having been signed by Bailey two days previously.

   d. The statute of limitations, however, expired on December 27, 2015.

e. The filing of this federal habeas action on April 14, 2015 occurred more than 3½ months after the statute of limitations expired.

5. Bailey suggests that he is entitled to a period of equitable tolling because occasional lack of access to the prison law library and a lockdown impeded his access to the prison law library. The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Bailey has not shown that the circumstances he describes were extraordinary or that he was prevented from making a timely filing.

6. Bailey also suggests that he is actually innocent and invokes the rule that actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence exception applies only in extraordinary cases. *See Wertz v. Vaughn,* 228 F.3d 178, 193 (3d Cir. 2000). To be credible, "a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). There has been no showing of actual innocence in this case. On the contrary, the evidence of Bailey's culpability is substantial.

7. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Bailey has encountered the hurdle of the statute of limitations. He has not overcome this hurdle and his petition for writ of habeas corpus is therefore **denied** without the merits of his habeas claims being reached.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Bailey has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 5/31/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

THERON BAILEY
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only